UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR TORRES ARBOLEDA, | No. 2:17-cv-0442-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. O'BANION, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Before the court screened plaintiff's initial complaint, plaintiff filed a first amended complaint. ECF No. 12. The court dismissed the amended complaint and granted plaintiff leave to amend. ECF No. 16. Plaintiff has filed a second amended complaint which the court must screen. ECF No. 19.

**I.   Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

**II.     Screening Order**

Plaintiff alleges that at 12:30 p.m. on April 9, 2016, defendant O'Banion, a correctional officer, arbitrarily denied plaintiff access to the Grey Stone Chapel to attend a worship group or service for the Jehovah's Witnesses. ECF No. 19 at 3, 8. Plaintiff alleges that this single instance of being denied assembly with his fellow Jehovah's Witnesses constituted "brutality and deliberate indifference" and caused "physical suffering and mental anguish" along with "mental distress and anxiety." *Id.* at 4-5. He claims that O'Banion violated his rights under the First Amendment, the Eighth Amendment, the Equal Protection Clause, the Due Process Clause, and the "RLUP Act" (presumably the Religious Land Use and Institutionalized Persons Act, or "RLUIPA"). Plaintiff seeks $10,000 in damages. *Id.* at 1, 8.

**A.     First Amendment Claim**

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). An inmate's right to exercise religious practices "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). In addition, to violate the Constitution, the interference with religious practice must be more than an inconvenience; it must substantially burden the exercise of religion. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *abrogated on other grounds as recognized in Shakur*, 514 F.3d at 884-85; *see also Eckstrom v. Beard*, 705 F. App'x 588, 588-89 (9th Cir. 2017).

In the first screening order, the court dismissed plaintiff's First Amendment claim because plaintiff had not alleged facts showing that the chapel service or meeting was necessary to plaintiff's sincerely held belief or religion or that O'Banion lacked a legitimate basis for denying plaintiff access to the chapel. ECF No. 16 at 4. Plaintiff has again failed to allege facts showing that the chapel meeting was necessary to his sincerely held religious belief.

More importantly, however, is the absence from the complaint of facts showing that the denial of access to a single religious gathering placed a substantial burden on plaintiff's exercise

of religion. Courts in the Ninth Circuit (and elsewhere) have routinely held that the denial of a religious practice on a single, isolated occasion does not constitute a "substantial burden" and thus does not violate the First Amendment. *E.g.*, *Howard v. Skolnik*, 372 F. App'x 781, 782 (9th Cir. 2010) (summary judgment on free exercise claim was appropriate where inmate's allegation of two incidents where prison staff interfered with his fasting did not amount to a substantial burden); *Cannell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) ("relatively short-term and sporadic" interference with religious exercise was not a substantial burden); *Pouncil v. Sherman*, No. 1:17-cv-00547-AWI-BAM (PC), 2018 U.S. Dist. LEXIS 15961, at *5-6 (E.D. Cal. Jan 31, 2018) (free exercise claim dismissed at screening because allegation of denial of meals for a single night of Ramadan did not present a substantial burden); *Murie v. Crossroads Corr. Ctr.*, No. CV 17-00005-GF-BMM-JTJ, 2017 U.S. Dist. LEXIS 85863, at *4-6 (D. Mont. Feb. 24, 2017) (free exercise claim dismissed at screening because allegation that plaintiff was not allowed to attend a sweat lodge on a single occasion did not present a substantial burden); *Stidhem v. Schwartz*, 2:15-cv-00379-TC, 2017 U.S. Dist. LEXIS 215007, at *9 (D. Or. Oct. 23, 2017) (summary judgment granted on plaintiff's free exercise claim because a less-than-one-day suspension of plaintiff's kosher diet did not amount to a substantial burden); *Hampton v. Ayers*, No. CV 07-8130-RSWL (MAN), 2011 U.S. Dist. LEXIS69742, at *43-44 (C.D. Cal. June 2, 2011) (summary judgment in favor of defendant appropriate because a single incident of interrupting a religious service was not a substantial burden on plaintiff's religious exercise); *Glover v. Evans*, No. C 07-2731 JSW (PR), 2007 U.S. Dist. LEXIS 81612, at *4 (N.D. Cal. Oct. 15, 2007) (religious exercise claim dismissed at screening because allegation of not being provided with religion-appropriate meal on a single occasion did not state a constitutional violation). *See also Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (unavailability of a non-pork tray for 3 meals out of 810 meals did not substantially burden inmate's exercise of religion); *Hankins v. N.Y. State Dep't of Corr. Servs.*, No. 0:07-CV-0408 (FJS/GHL), 2008 U.S. Dist. LEXIS 68978, at *23-25 (N.D.N.Y. Mar. 10, 2008) ("Courts from the Second Circuit have repeatedly found that an allegation that prison officials caused a prisoner to miss one religious service fails to state an actionable claim under the First Amendment.").

Plaintiff's complaint, as it stands, alleges a single, isolated instance in which he was denied access to a religious gathering. This de minims interference with his religious practice does not violate the Free Exercise Clause, and thus plaintiff's First Amendment claim must be dismissed. Plaintiff will be granted leave to amend so that he may, if he chooses, attempt to state facts sufficient to state a First Amendment claim.

### B. RLUIPA Claim

To succeed on an RLUIPA claim, a plaintiff must also show that the challenged conduct or policy placed a "substantial burden" on her religious practice. *Int'l Church of the Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011). A "substantial burden" is present where the challenged conduct is "oppressive to a significantly great extent" and imposes "a significantly great restriction or onus" on the exercise of religion. *Id.* Again, plaintiff's allegation that he was denied access to a single religious gathering does not, without more, state a substantial burden on his religious practice. *Murie v. Crossroads Corr. Ctr.*, No. CV 17-00005-GF-BMM-JTJ, 2017 U.S. Dist. LEXIS 85863, at *4-6 (D. Mont. Feb. 24, 2017) (free exercise claim dismissed at screening because plaintiff failed to state facts showing that the denial of access to a sweat lodge on a single occasion substantially burdened his religious practice); *DeVon v. Diaz*, No. 1:07-cv-01727-GSA-PC, 2011 U.S. Dist. LEXIS 39393, at *12-13 (E.D. Cal. Apr. 1, 2011) (plaintiff's RLUIPA claim dismissed at screening because "[a] single allegation that Plaintiff was refused Kosher foods or fellowship on one occasion does not state a claim for relief."); *Furnace v. Sullivan*, No. C 07-4441 MMC (PR), 2008 U.S. Dist. LEXIS 93464, at *8-11 (N.D. Cal. Nov. 10, 2008) (denial of a single religious meal did not, as a matter of law, state a violation of RLUIPA). Accordingly this claim will also be dismissed with leave to amend.

### C. Equal Protection Claim

"The Equal Protection Clause entitles each prisoner to a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Shakur*, 514 F.3d at 891 (internal quotation marks omitted). To state an Equal Protection claim, plaintiff must state facts showing that prison officials intentionally discriminated against him on the basis of religion by failing to provide him a

1 reasonable opportunity to pursue his faith compared to other similarly situated religious groups.
2 *Id.* Plaintiff's complaint alleges only the denial of access to a single Jehovah's Witnesses
3 gathering that other inmates were allowed to attend. He does not include any facts that would
4 show that he was denied access because of his religious beliefs. This claim will therefore also be
5 dismissed with leave to amend.

### D. Due Process Claim

Plaintiff vaguely alleges that the denial of access to the gathering somehow violated his due process rights. ECF No. 19 at 6-7. Plaintiff does not explain whether he believes his procedural or substantive due process rights were violated when he was not allowed to attend the meeting. If plaintiff alleges a violation of substantive due process, his claim must proceed not under the due process clause but rather under the more specific constitutional guarantees of free exercise and equal protection, and those claims fail as they are currently stated for the reasons stated above. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (where another provision of the Constitution provides an explicit source of protection from the conduct complained of, the more generalized notion of substantive due process should not be used to analyze the claim). Plaintiff's due process claim fails for the additional reason that plaintiff has failed to allege that the denial of access to the single religious meeting imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

### E. Eighth Amendment Claim

Plaintiff also vaguely alleges that the denial of access to a single religious meeting constituted cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Plaintiff's complaint lacks facts that would show that the denial of access to the

5

gathering on a single occasion denied him the minimal civilized measure of life's necessities and thus his Eighth Amendment claim must be dismissed. The court questions whether the denial of access to a religious gathering on a single occasion could ever state an Eighth Amendment claim, but will nevertheless grant plaintiff leave to amend to attempt to state a viable claim.

### III. Order

Accordingly, plaintiff's second amended complaint (ECF No. 19) is hereby DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A. This dismissal is with leave to amend. Plaintiff shall have 30 days from the date of this order to file an amended complaint curing the deficiencies noted above.

DATED: March 14, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE